## JOHN WACKER v. GLOBE FIRE INSURANCE COMPANY, of Huron, South Dakota, a Corporation.

(163 N. W. 263.)

**Insurance — contract for — application — action on — not maintainable.**

A party cannot recover judgment against an insurance company on a mere application for an insurance contract.

Opinion filed May 8, 1917.

Appeal from the District Court of Sheridan County, Honorable W. L. Nuessle, Judge.

Affirmed.

*Hyland & Madden* for appellant.

It is not necessary that a contract of insurance be in writing. Comp. Laws 1913, § 4913, subd. 4, § 4961; King v. Phœnix Ins. Co. 6 Ann. Cas. 618, and note, 195 Mo. 290, 113 Am. St. Rep. 678, 92 S. W. 892.

By the great weight of authority it is held that a parol contract for insurance is valid unless such contract is expressly prohibited by statute. Firemen's Ins. Co. v. Kuessner, 164 Ill. 275, 45 N. E. 540; Continental Ins. Co. v. Roller, 101 Ill. App. 77.

Such a contract is valid notwithstanding a usage requiring such contracts to be in writing, or even a stipulation in the policy that it must be indorsed by a designated representative of the company. Emery v. Boston M. Ins. Co. 138 Mass. 398; Brown v. Franklin Mut. F. Ins. Co. 165 Mass. 565, 52 Am. St. Rep. 535, 43 N. E. 512; Campbell v. American F. Ins. Co. 73 Wis. 100, 40 N. W. 661; Commercial Mut. M. Ins. Co. v. Union Mut. Ins. Co. 19 How. 318, 15 L. ed. 636; Summers v. Mutual L. Ins. Co. 12 Wyo. 369, 66 L.R.A. 812, 109 Am. St. Rep. 992, 75 Pac. 937; American Horse Ins. Co. v. Patterson, 28 Ind. 17; Baldwin v. Chouteau Ins. Co. 56 Mo. 151, 17 Am. Rep. 671; Angell v. Hartford F. Ins. Co. 59 N. Y. 171, 17 Am. Rep. 322.

All such stipulations in insurance policies are not binding, and do not bar recovery where the insured could not be charged with notice of the conditions. Kelly v. Commonwealth Ins. Co. 10 Bosw. 82; Kennebec Co. v. Augusta Ins. & Bkg. Co. 6 Gray, 204; New England F. & M. Ins. Co. v. Robinson, 25 Ind. 536; Audubon v. Excelsior Ins. Co. 27 N. Y. 216.

*Fisk, Murphy, & Linde* and *Gardner & Churchill,* for respondent.

It is quite true that a contract of insurance may be established by parol. But in this case there has been and is no contract shown or proved to exist between the parties. Brink v. Merchant's & F. United Mut. Ins. Asso. 17 S. D. 235, 95 N. W. 929; Ferguson v. Northern Assur. Co. 26 S. D. 346, 128 N. W. 125; Nordness v. Mutual Cash Guaranty F. Ins. Co. 22 S. D. 1, 114 N. W. 1092; Pickett v. German F. Ins. Co. 39 Kan. 697, 18 Pac. 903; Costello v. Grant County Mut. F. & Lightning Ins. Co. 133 Wis. 361, 113 N. W. 639; Dorman v. Connecticut F. Ins. Co. 41 Okla. 509, 51 L.R.A.(N.S.) 873, 139 Pac. 262; Shawnee Mut. F. Ins. Co. v. McClure, 39 Okla. 535, 49 L.R.A.(N.S.) 1054, 135 Pac. 1150; McCracken v. Travelers Ins. Co. — Okla. —, 156 Pac. 640; John R. Davis Lumber Co. v. Continental Ins. Co. 94 Wis. 472, 69 N. W. 156.

By the terms of the application, the insurance was not to become effective until that application had been approved by the company at

its home office. This is a valid provision, and no liability attaches until compliance therewith is had. Pickett v. German F. Ins. Co. 39 Kan. 697, 18 Pac. 903; Porter v. General Acci. F. & L. Assur. Corp. 30 Cal. App. 198, 157 Pac. 825; Merchants' & Bankers' Fire Underwriters v. Parker, — Tex. Civ. App. —, 190 S. W. 525; Lowe v. St. Paul F. & M. Ins. Co. 80 Neb. 499, 114 N. W. 586; St. Paul F. & M. Ins. Co. v. Kelley, 2 Neb. (Unof.) 720, 89 N. W. 997; Walker v. Farmers' Ins. Co. 51 Iowa, 679, 2 N. W. 583; Atkinson v. Hawkeye Ins. Co. 71 Iowa, 340, 32 N. W. 371; Armstrong v. State Ins. Co. 61 Iowa, 212, 16 N. W. 94; O'Brien v. New Zealand Ins. Co. 108 Cal. 227, 41 Pac. 298; Bowen v. Mutual L. Ins. Co. 20 S. D. 103, 104 N. W. 1040; Comp. Laws 1913, Civ. Code, § 5889; Shawnee Mut. F. Ins. Co. v. McClure, 39 Okla. 535, 49 L.R.A.(N.S.) 1054, 135 Pac. 1150; McCracken v. Travelers' Ins. Co. — Okla. —, 156 Pac. 640.

Robinson, J. Plaintiff appeals from a judgment of the district court in an action to recover from defendant $1,000 on a mere application for an insurance policy, which reads in part thus:

To
Globe Fire Insurance Co.
Of Huron, South Dakota.

I, John Wacker, of Denhoff, P. O. County of Sheridan, state of N. D., hereby make application to the Globe Fire Insurance Company, of Huron, South Dakota, for insurance against loss or damage by fire or lightning for the term of one year commencing on the 11th day of Sept. 1915. [This is followed by a description of a threshing machine outfit] . . . and that this insurance does not take effect until approved and accepted by the company at its office at Huron, South Dakota. . . . That this application may be referred to in the policy to be issued thereon as a part of said policy and as a basis on which said company shall issue the same; and that there is no other insurance on above-described outfit. I hereby agree that the company shall not be bound by any representations of the agent not contained in the application or policy, and I hereby release the company from all liability should any part of the premium be not paid promptly when due.

It appears that on September 14th, appellant's threshing outfit was burned.    His application was rejected and his premium tendered back. The insurance application was signed by the plaintiff, but not by the company or any of its agents.    It did not constitute a contract of insurance.    A contract is an agreement to do or not to do a certain thing.    It is essential to the existence of a contract that there should be parties capable of contracting and that they did actually contract. In this case the proof shows only a mere application for an insurance contract.    The judgment of the District Court is affirmed.

GRACE, J., being disqualified, did not participate.